UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JUWAUN LONG,

  Petitioner,

v.  Case No. 2:12-cv-122
  HON. R. ALLAN EDGAR

JEFFREY WOODS,

  Respondent.
_____/

## REPORT AND RECOMMENDATION

  Petitioner Juwaun Long filed this petition for writ of habeas corpus challenging his conviction for three counts of armed robbery and three counts of felony firearm. The respondent has filed a motion for summary judgment arguing that the Petition was filed outside the statute of limitation period. Petitioner concedes that the Petition was filed outside the one year period, but argues newly discovered evidence establishes his innocence and he is entitled to equitable tolling of the limitations period.

  The petition raises the following claims:

  I. Ineffective assistance of trial counsel;

  II. Newly discovered evidence;

  III. Prosecutorial misconduct; and

  IV. Sentencing scoring errors.

Petitioner concedes that the only claim subject to equitable tolling is his newly discovered evidence claim. Petitioner alleges he discovered in 2009 that one of the victims was incarcerated on the date of the robbery. Petitioner asserts that if this information had been available for trial presentation,

the jury would have learned that it was impossible for Petitioner to rob the victim, because the victim was actually incarcerated at the time of the alleged robbery. Petitioner claims he would have been found not guilty of the crimes.

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 ("AEDPA"). The one-year statute of limitations provided in § 2244(d)(1) is new, as there previously was no defined period of limitation for habeas actions.[1] Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment

---

[1]Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 121 S. Ct. 2120 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed"). It is undisputed that Petitioner filed this petition outside the one year limitation period. Petitioner claims that equitable tolling should apply because he is actually innocent based upon newly discovered evidence.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See Hall v. Warden*, No. 09-3372, slip op. at 5 (6th Cir. Nov. 30, 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009); *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 2010 WL 2346549, at *12 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, slip op. at 7; *Akrawi*, 572 F.3d at 260.

Petitioner claims that he is actually innocent of the offenses for which he was convicted. The Sixth Circuit has held that a habeas petitioner who demonstrates a credible claim of actual innocence based on new evidence may, in exceptional circumstances, be entitled to equitable tolling of habeas limitations. *See McCray v. Vasbinder,* 499 F.3d 568, 577 (6th Cir. 2007); *Souter v. Jones*, 395 F.3d 577, 597-98 (6th Cir. 2005). A petitioner seeking equitable tolling under the

- 3 -

actual innocence exception need not also prove that he has been diligent in pursuing his rights. *See Perkins v. McQuiggan*, 670 F.3d 665, 673-74 (6th Cir. 2012).

To support a claim of actual innocence, a petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. *Shlup v. Delo*, 513 U.S. 298, 327 (1995); *Souter*, 395 F.3d at 590, 598-99; *Allen*, 366 F.3d at 405. A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence--that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Souter*, 395 F.3d at 590 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Specifically, Petitioner claims that Demirlo Brown, one of the victims who testified that Petitioner robbed him and who also testified that he was 18 years old at the time of the trial, was actually incarcerated on April 16, 2001. As evidence of Demirlo Brown's incarceration, Petitioner has presented a State of Michigan Felony Register of Actions form which indicates that Demario Cortaza Brown had a hearing before a magistrate on April 16, 2001. At the hearing, Demario Cortaza Brown, who was born on July 19, 1979 (making this individual 22 years old at the time of Petitioner's trial), had his bond reduced and his bond was posted on that date. Petitioner also has presented a Wayne County Sheriff's Office Proof of Incarceration which indicates that Demario Brown, born on July 19, 1979, was booked at the Wayne County Jail and released from the jail "04/15/2001 - 04/17/2001." Petitioner is convinced that one of his victims, 18- year-old Demirlo Brown ,who testified at Petitioner's trial, was actually incarcerated on the date of the robbery under the name of 22-year-old Demario Brown. Petitioner claims that he is entitled to equitable tolling of this petition because of this newly discovered evidence.

First, simply because Petitioner allegedly discovered this information in 2009 does not make this newly discovered evidence. Petitioner has not shown why he was unable to discover that the individual who testified against him was lying about the incident. Further, the only commonality between the victim and the individual who was incarcerated is their last name of Brown. The two individuals have different first names and are not the same age. Petitioner has not established that the victim and the incarcerated individual are one and the same person. At best, this is speculative.[2]

A petitioner "must produce evidence of innocence so strong that the court can not have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Allen*, 366 F.3d at 405 (internal quotations and citations omitted). Petitioner has made no such showing in this case. His contention that his habeas claims have merit does not state a claim of actual innocence. Moreover, he has presented no new reliable evidence in support of such a claim. Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

In summary, the undersigned recommends that Respondent's motion for summary judgment (Docket #12) be granted and this case be dismissed.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

---

[2]Interestingly, a search of the OTIS system reveals two individuals who are in the custody of the MDOC named Demario Brown. Clearly, neither of these two individuals are Demirlo Brown or the Demario Brown that Petitioner argues was actually Demirlo Brown. There is no Demirlo Brown in the OTIS system.

The undersigned recommends that the court deny Petitioner's application on as filed outside the limitations period. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The undersigned concludes that reasonable jurists could not debate that each of Petitioner's claims are properly dismissed. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

                                            /s/ Timothy P. Greeley
                                            TIMOTHY P. GREELEY
                                            UNITED STATES MAGISTRATE JUDGE

Dated: April 30, 2013