UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JUWAN LONG,

          Petitioner,          Case No. 2:12-cv-122

v.                                    Honorable R. Allan Edgar

JEFFREY WOODS,
          Respondent.
_____/

## **MEMORANDUM AND ORDER**

On April 30, 2013, U.S. Magistrate Judge Greeley entered a Report and Recommendation ("R&R") recommending that Respondent's motion for summary judgment be granted and Petitioner's habeas petition be dismissed as untimely. Doc. No. 41. Petitioner has filed objections to the R&R. Doc. No. 42. Petitioner has also filed a motion to amend and supplement his objection and to hold this case in abeyance. Doc. No. 44. This Court is required to make a de novo determination of those portions of the R&R to which objections have been filed, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Petitioner objects to Magistrate Judge Greeley's failure to address the Supreme Court's holding in *McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013) in the R&R. The R&R was issued on April 30, 2013, a month before *McQuiggin* was issued on May 28, 2013. As the Sixth Circuit recently explained:

> In *McQuiggin v. Perkins*, the Supreme Court recently held that a showing of actual innocence works to "overcome AEDPA's statute of limitations, and not simply to excuse late filing. 133 S.Ct. 1924, 1930-31 (2013). When faced with a "convincing" actual-innocence claim, *McQuiggin* makes clear, a court cannot

> consider untimeliness as "an absolute barrier to relief." Id. at 1928. Although a petitioner who asserts a convincing actual-innocence claim does not have to "prove diligence to cross a federal court's threshold," timing remains "a factor relevant in evaluating the reliability of a petitioner's proof of innocence." *Id.* at 1935 ("Unexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing.").
>
> In addition to clarifying that there are no temporal limitations to presenting evidence in support of an actual-innocence claim, *McQuiggin* also reiterated the standard needed to make one out. Id. at 1931. The touchstone of the inquiry is whether a petitioner's "new evidence shows 'it is more likely than not that no reasonable juror would have convicted [him].'" *Id.* at 1933 (*quoting Schlup v. Delo*, 513 U.S. 298, 329 (1995)). To assess that question, a court must survey "all the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial." *House v. Bell*, 547 U.S. 518, 538 (2006) (internal quotation marks omitted). With "all the evidence" thus in mind, the court's final task is "to assess the likely impact of the evidence on reasonable jurors"; it is not to work through an "independent factual determination" to divine "what likely occurred." *Id*. (internal quotation marks omitted).

*Eberle v. Warden, Mansfield Corr. Inst.*, 2013 WL 4127144, at *7-8 (6th Cir. Aug. 8, 2013). Plaintiff asserted an actual innocence claim to overcome AEDPA's statute of limitations. Magistrate Judge Greeley found that Plaintiff had not shown why he was unable to discover the evidence earlier, and had provided evidence of innocence that was speculative at best.

The Court finds that Petitioner has failed to provide adequate evidence to show that no reasonable juror would have convicted him. Petitioner presents as evidence an affidavit from his mother, Wanda Long, who asserts that she witnessed one of the witnesses in Petitioner's trial, Demirlo Brown, appearing in Wayne County Circuit Court on July 8, 2004, under the name Cortez Jackson. Petitioner submits a sheet taken from the OTIS system, which shows that an inmate with the name Cortez Jackson has the alias of Demario Brown.

Petitioner then submits a "proof of incarceration" that indicates that a Demario Brown was incarcerated in a Wayne County Jail on the night of April 16, 2001, when the robbery took place. This evidence is insufficient to show actual innocence. The Court, in making this determination, takes into consideration the unexplained length of time between when Petitioner's mother allegedly identified the witness Demirlo Brown by his alias and when Petitioner filed his motion for relief from judgment. The Court also notes the significant evidence, other than the testimony of witness Demirlo Brown, linking Petitioner to the robbery. Petitioner has failed to show entitlement to equitable tolling on the basis of actual innocence.

Petitioner's objections to the R&R [Doc. No. 42] are without merit and are DENIED. Petitioner's motion to hold this case in abeyance [Doc. No. 44] is DENIED. Magistrate Judge Greeley's R&R [Doc. No. 41] is APPROVED and ADOPTED as the opinion of the Court pursuant to 28 U.S.C. § 636(b)(1) and W.D. Mich. L. Civ. R. 72.3(b), as supplemented by this Memorandum and Order. The petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 is DENIED and DISMISSED WITH PREJUDICE.

If Petitioner files a notice of appeal, it will be treated as an application for a certificate of appealability which shall be DENIED pursuant to 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1); and *Slack*, 529 U.S. at 484. Reasonable jurists could not find that this decision to dismiss Petitioner's claims is debatable or wrong.

A Judgment consistent with this Memorandum and Order will be entered.

SO ORDERED.

Dated:     9/30/2013             */s/ R. Allan Edgar*
                                 R. Allan Edgar
                                 United States District Judge